**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| District Court, Washington County, Colorado<br>Court Address:<br> 26861 Hwy 34<br> P.O. Box 455<br> Akron, CO 80720<br><br>_____<br><br>**DIANE SAWYER,**<br>**Plaintiff**<br><br>v.<br><br>**WASHINGTON COUNTY NURSING HOME**<br>**Defendant** | <br><br><br><br><br><br><br><br><br><br><br><br>COURT USE ONLY |
| Attorney or Party Without Attorney:<br><br>Kelli Riley, Esq.<br>Riley Law LLC.<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Phone Number: 970-573-6442<br><br>E-mail: Kelli@RileyLawLLC.com<br>Atty. Reg. #: 44828 | Case Number:<br><br><br><br><br><br><br>Division |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND** | |

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

    **X** This party is seeking a monetary judgment against another party for more than

EXHIBIT A

$100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

**X**      By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.

    **X**  This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date: 05/27/2020**

_/s/KelliRiley_____

**Signature of Party or Attorney for Party**

**NOTICE**

This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| | |
|---|---|
| District Court, Washington County, Colorado<br>Court Address:<br>26861 Hwy 34<br>P.O. Box 455<br>Akron, CO 80720 | ▲COURT USE ONLY▲ |
| **DIANE SAWYER,**<br>**Plaintiff**<br><br>v.<br><br>**WASHINGTON COUNTY NURSING HOME**<br>**Defendant** | |
| **Responsible Attorney:**<br>Kelli Riley, Esq.<br>Riley Law LLC<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Phone Number: 970-573-6442<br>E-mail: Kelli@RileyLawLLC.com<br>Atty. Reg. #: 44828 | Case Number:<br><br><br><br><br><br>Division |
| **SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:** <u>**WASHINGTON COUNTY NURSING HOME.**</u>

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint.  If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you.  If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.  Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated:    5/27/2020                                    /s/Kelli Riley_____
                                                                         Signature of Plaintiff's Attorney

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:  A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal.  The plaintiff has 14 days from the date this summons was served on you to file the case with the court.  You are responsible for**

contacting the court to find out whether the case has been filed and obtain the case number.  If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

| | |
|---|---|
| District Court, Washington County, Colorado<br>Court Address:<br>26861 Hwy 34<br>P.O. Box 455<br>Akron, CO 80720 | |
| **DIANE SAWYER,**<br>**Plaintiff**<br><br>v.<br><br>**WASHINGTON COUNTY NURSING HOME,**<br>**Defendant** | ▲COURT USE ONLY▲ |
| **Responsible Attorney:**<br>Kelli Riley, Esq.<br>Riley Law LLC.<br>4689 20th St. Ste. E<br>Greeley, Colorado 80634<br>Phone Number: 970-573-6442<br>E-mail: Kelli@RileyLawLLC.com<br>Atty. Reg. #: 44828 | Case Number:<br><br><br><br><br><br>Division |
| **COMPLAINT** | |

Plaintiff Diane Sawyer (hereafter "Ms. Sawyer"), by and through her attorney, Kelli Riley of

Riley Law, LLC, hereby submits the following Complaint.

## STATEMENT OF THE CASE

1. Plaintiff Diane Sawyer was employed as a nurse for Defendant until she was placed on unpaid

leave without notice or opportunity for due process. Defendant, not satisfied that she found

replacement employment, retaliated and reported false statements to DORA to attempt to

jeopardize Ms. Sawyer's nursing license and livelihood. Ms. Sawyer brings claims for wages she

was deprived of due to lack of due process under section 1983, tortious interference, and

defamation.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Diane Sawyer, is citizen of the State of Colorado and at all relevant times was a resident of Yuma County, Colorado.

3.       Defendant, Washington County Nursing Home, is a public residential facility run by Washington County with its principal place of business located at 650 Green House Dr, Akron, Washington County, Colorado.

4.       This Court has jurisdiction over this proceeding pursuant to C.R.S. § 13-1-124.

5.       Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant may be found in this County and the action arises out of events or circumstances that occurred in this County.

## FACTS

6. Ms. Sawyer was hired in December 2015 by Defendant.

7. Ms. Sawyer was employed with Defendant as a registered nurse.

8. For that position Ms. Sawyer was required to hold a nursing degree and nursing license, both of which are up to date.

9. Ms. Sawyer's job duties  were  to supervise the ancillary staff, perform patient care, pass medications to elders, do assessments, provide aid in the event of emergency or injury, and conduct paper assessments, as well as other duties as assigned.

10. Ms. Sawyer has been a nurse for over forty-one years.

11. Ms. Sawyer received the highest raise possible on her most recent performance review with Defendant and received a high score.

12. On or about July 18, 2019, Earleen Friedly, Ms. Sawyer's supervisor, called her at home and advised her not to come in to work. She was placed on unpaid administrative leave.

13. In this phone call, Ms. Friedly asked Ms. Sawyer about her shift the night before, and Ms. Sawyer told her nothing remarkable had happened.

14. Ms. Friedly told Ms. Sawyer that the Washington County Sheriff had been called because a patient had swelling on her arm.

15. Ms. Friedly told Ms. Sawyer that the Sheriff would be contacting her to investigate the incident with this patient.

16. Ms. Sawyer was very surprised because nothing unusual had happened the night before, and the swelling on the patient's arm was the same as at the beginning of the shift.

17. Ms. Sawyer explained to Ms. Friedly that it was in the patient's chart that the patient had hit her arm herself earlier in the week, and Ms. Sawyer had observed the swelling at the beginning of the shift and again later in the shift and it looked the same.

18. Ms. Sawyer was interviewed by Washington County Sheriff Deputy Rhea later that day, and explained the same thing to him.

19. Sheriff Deputy Rhea's mother Brenda Rhea is the Nursing Home Administrator at Washington County Nursing Home.

20. Ms. Sawyer was later issued a citation by the Sheriff for harassment and caretaker neglect on August 2, 2019.

21. On August 14, 2019, Ms. Sawyer received a written memorandum stating that Defendant intended to terminate her employment.

22. Ms. Sawyer appealed that decision, and requested a pre-termination hearing before the Board of County Commissioners.

23. The Board of County Commissioners stated there was "reasonable doubt" about the credibility of the coworker who testified against Ms. Sawyer.

24. The Board of County Commissioners reversed the decision to terminate and reinstated Ms. Sawyer to her employment on September 9, 2019.

25.  Plaintiff secured replacement employment with Yuma Life Care on or about September 9, 2019.

26. Defendant learned about Ms. Sawyer's employment with Yuma Life Care on September 9, 2019.

27. On information and belief, Defendant filed a complaint with the Department of Regulatory Agencies ("DORA") against Ms. Sawyer on September 9, 2019.

28. On information and belief, Defendant collaborated with a family member of the patient to file a retaliatory complaint against Ms. Sawyer with DORA in November 2019 to further harass and annoy Plaintiff.

29. The DORA investigation is ongoing to date.

30. The charges for harassment and caretaker neglect against Ms. Sawyer were dismissed.

## FIRST CLAIM FOR RELIEF

### (Violation of 42 U.S.C. § 1983-Due Process)

31. Plaintiff incorporates by reference all of the above paragraphs.

32. Ms. Sawyer had a property interest in her employment with Defendant.

33. Defendant is a government agency.

34. Defendant deprived Ms. Sawyer of her property interest without due process when she was suspended without pay from July 18, 2019 until September 9, 2019.

35. Ms. Sawyer was charged with minor petty crimes, sixteen days after she was suspended.

36. Ms. Sawyer suffered lost wages as a result in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relationship)

37. Plaintiff incorporates by reference all of the above paragraphs.

38. Ms. Sawyer had an existing contractual relationship with Yuma Life Care for employment. This contractual relationship constituted a property interest entitled to protection from unjustified interference by any other persons or entities, including Defendant.

39. Defendant had actual or constructive knowledge of the contractual relationship between Ms. Sawyer and Yuma Life Care.

40. Defendant intentionally and without justification interfered with Ms. Sawyer's contractual relationship with Yuma Life Care by filing a complaint with DORA which jeopardizes her nursing license.

41. Defendant's conduct was knowing, willful and with reckless disregard of Ms. Sawyer's contractual rights. Defendant's actions are without privilege or justification.

42. As a direct and proximate result of these actions, Ms. Sawyer has suffered and continues to suffer harm and is entitled to recover damages in an amount to proven at trial.

**THIRD CLAIM FOR RELIEF**

**(Defamation – Report to DORA)**

43. Plaintiff incorporates by reference all of the above paragraphs.

44. Defendant published false statements concerning Plaintiff to the Colorado Department of Regulatory Affairs ("DORA"), who correctly understood that such statements were intended to refer to Plaintiff.

45. Defendant published these statements knowing that they were false and/or in reckless disregard for the truth.

46. The statements Defendant published to DORA were defamatory as they contained allegations that Plaintiff had committed a criminal offense and were otherwise incompatible with her business, trade, profession or office.

47. As a result of Defendant's conduct, Plaintiff has suffered significant damages.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of her and against Defendants as follows:

   A.  Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

   B.  Awarding Plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

   C.  Awarding Plaintiff pre-judgment, post-judgment and monetary interest as provided by law;

   D.  Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law; and

E.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of May, 2020.

Respectfully submitted,

/s/Kelli R. Riley_____
Kelli R. Riley, Esq.
Attorney for Plaintiff

<table>
<tr><td colspan="2">District Court, Washington County, Colorado<br>Court Address:<br>26861 Hwy 34<br>P.O. Box 455<br>Akron, CO 80720</td><td rowspan="2">▲COURT USE ONLY▲</td></tr>
</table>

| District Court, Washington County, Colorado Court Address: 26861 Hwy 34 P.O. Box 455 Akron, CO 80720 | ▲COURT USE ONLY▲ |
|---|---|
| **DIANE SAWYER,**<br>**Plaintiff**<br><br>v.<br><br>**WASHINGTON COUNTY NURSING HOME**<br>**Defendant** | Case Number:<br>2020CV30014<br><br>Division |
| **WAIVER AND ACCEPTANCE OF SERVICE** | |

STATE OF COLORADO    )
                             ) ss.
COUNTY OF ARAPAHOE  )

WAIVER AND ACCEPTANCE OF SERVICE

       I declare under oath that I am authorized to accept service on behalf of the named defendant on this Summons, that I have received and accepted service of the Summons and Acceptance, Complaint and District Court Civil Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint in this case, and that on behalf of the named defendant, I waive any other service.

_____ 6/9/20
Signature                                          Date

_____
Printed Name

Subscribed and sworn to before me this _9th_ day of _June_____, 20_20_ , by
_Alex Pass_____.

ARIADNA WHITE
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20164012800
MY COMMISSION EXPIRES APRIL 1, 2024

_____
Notary Public
My Commission Expires: _4-1-2024_____

JDF 1602(a)   R8-14   WAIVER AND ACCEPTANCE OF SERVICE
©2013, 2014 Colorado Judicial Department for use in the Courts of Colorado