IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1789-WJM-SKC

DIANE SAWYER,

    Plaintiff,

v.

WASHINGTON COUNTY NURSING HOME,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

---

This matter is before the Court on Defendant Washington County Nursing Home's ("Defendant") Partial Motion to Dismiss ("Motion") (ECF No. 21). For the following reasons, the Motion is granted.

## I. BACKGROUND

The following facts are taken from Plaintiff Diane Sawyer's ("Plaintiff") Complaint, and are assumed true for the purpose of resolving the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Plaintiff is a registered nurse. (ECF No. 16 ¶ 7.) Defendant is a public residential facility which hired Plaintiff as a nurse in December 2015. (*Id.* ¶¶ 3, 6.)

On July 18, 2019, after Plaintiff's shift, a patient under Plaintiff's care presented with swelling in her arm. (*Id.* ¶¶ 14–16.) Plaintiff's supervisor contacted Plaintiff and inquired whether an incident had occurred during her shift. (*Id.* ¶¶ 12–13.) Plaintiff stated that nothing remarkable had happened. (*Id.* ¶ 13.)

On July 18, 2019, Defendant placed Plaintiff on administrative leave, based on the suspicion that she had harmed the patient. (*Id.* ¶ 12.) Plaintiff's supervisor contacted law enforcement, and the Washington County Sheriff Deputy interviewed Plaintiff. (*Id.* ¶¶ 15–18.) The Washington County Sheriff issued Plaintiff a citation for harassment and caretaker neglect on August 2, 2019. (*Id.* ¶ 20.)

On August 14, 2019, Defendant sent Plaintiff a written memorandum stating that her employment would be terminated. (*Id.* ¶ 21.) Plaintiff appealed Defendant's decision and requested a pre-termination hearing before the Washington County Board of County Commissioners ("Board"). (*Id.* ¶ 22.) The Board reversed Defendant's decision to terminate Plaintiff and reinstated Plaintiff to her employment on September 9, 2019. (*Id.* ¶ 24.)

Plaintiff secured replacement employment as a nurse at Yuma Life Care, another residential facility, on or about September 9, 2019. (*Id.* ¶ 25.) Upon learning that Plaintiff had gained employment elsewhere, Defendant filed a complaint against Plaintiff with the Department of Regulatory Agencies ("DORA") on September 9, 2019. (*Id.* ¶ 27.) The DORA investigation is ongoing, though the criminal charges against Plaintiff were eventually dismissed. (*Id.* ¶¶ 29–30.)

Plaintiff filed her Complaint on May 27, 2020. (ECF No. 16.) She asserts three claims: (1) violation of her due process rights under the Fourteenth Amendment to the Constitution, brought pursuant to 42 U.S.C. § 1983, (2) tortious interference with contractual relationship, and (3) defamation. (*Id.* ¶¶ 31–47.) The basis of Plaintiff's tort claims is that the DORA complaint constituted harassment and an attempt to interfere with her subsequent employment at Yuma Life Care. (*Id.* ¶ 28.) Defendant removed

the action to federal court on June 18, 2020, based on Plaintiff's § 1983 claim. (ECF No. 1.)

Defendant filed its Motion on July 28, 2020. (ECF No. 21.) Defendant seeks dismissal of Plaintiff's state law tort claims pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that these claims are barred for lack of subject-matter jurisdiction because Plaintiff failed to comply with the notice requirement of the Colorado Government Immunity Act ("CGIA"). (*Id.* at 5–8.)

## II. LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing that federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

## III. ANALYSIS

Defendant argues that the Court lacks jurisdiction over Plaintiff's state law tort claims. (ECF No. 21 at 1.) Defendant contends that Plaintiff failed to comply with the notice provisions set forth in the CGIA, which is a prerequisite to suit in tort against a

3

governmental entity such as Defendant.  (*Id.* at 1; *see also* Colo. Rev. Stat. § 24-10-109(1).)

A.     **CGIA Notice Requirement**

The CGIA's notice provision states:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty-two days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of the claim or of a cause of action for such injury.  Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Colo. Rev. Stat. § 24-10-109(1).

Colorado courts describe Section 24-10-109(1) as a non-claim statute, meaning that failure to comply with the notice requirement is "an absolute bar to suit." *Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d 386, 393 (Colo. 2002).  Additionally, "a claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim." *Kratzer v. Colo. Intergovernmental Risk Sharing Agency*, 18 P.3d 766, 769 (Colo. App. 2000).

As stated, Plaintiff bases her state law claims on the DORA complaint against her, alleging that the complaint was retaliatory and intended to unlawfully interfere with her subsequent employment.  (ECF No. 16 ¶¶ 37–47.)  Defendant filed the DORA complaint on September 9, 2019, and Plaintiff states that she learned of the DORA complaint on October 17, 2019.  (*Id.* ¶ 27; ECF No. 24 at 4.)  Accordingly, Plaintiff had

4

until April 16, 2020 to provide the requisite notice prior to filing a claim. Colo. Rev. Stat. § 24-10-109(1).

Plaintiff does not plead in her Complaint that she complied with the CGIA's notice requirement. (*See generally* ECF No. 16.) Instead, Plaintiff argues that she satisfied the notice requirement through substantial compliance. (ECF No. 24 at 5.)

As Plaintiff did not plead compliance with the notice requirement in her Complaint, the Complaint is deficient, and her state law tort claims must be dismissed for lack of subject-matter jurisdiction. *See Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003) ("In the context of a motion to dismiss, pleading compliance with the CGIA is de facto jurisdictional."). Given this pleading deficiency, the question of whether dismissal should be with prejudice, or without prejudice with leave to amend, turns on whether Plaintiff substantially complied with the notice requirement such that amendment would cure the deficiency.

**B.    Substantial Compliance**

Plaintiff does not dispute that she failed to file a formal notice as required, but argues that she substantially complied with § 24-10-109(1), thereby satisfying the notice requirement. (ECF No. 24 at 5.) Plaintiff relies on a series of e-mails which her attorney sent to Defendant's counsel between March 10, 2020 and April 2, 2020. It is on the basis of these e-mails that Plaintiff contends that she substantially advised Defendant of her claims. (*Id.* at 7; *see also* ECF Nos. 24-1 & 24-2.)

Colorado courts recognize substantial compliance with the CGIA's notice requirement, and no longer require strict compliance. *Finnie v. Jefferson Cnty. Sch. Dist. R-1*, 79 P.3d 1253, 1257 (Colo. 2003). To satisfy the CGIA notice provision

5

through substantial compliance, a plaintiff must show that notice was "timely, in writing, and evidence[d] a good faith effort to include each item of information set out in § 21-10-109." *Katz v. Aurora*, 85 F. Supp. 2d 1012, 1031–32 (D. Colo. 2000).  The purported notice therefore must contain the claimant's and the claimant's attorney's name and address, a "concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of," the name and address of any public employee involved, a statement of the nature and extent of the injury suffered, and a statement of the monetary damages requested.  Colo. Rev. Stat. § 24-10-109(2).

Defendant first argues that Plaintiff's notice was untimely because she was placed on administrative leave in July 2019, and her attorney contacted Defendant's counsel in March 2020, more than 182 days after the decision.  (ECF No. 21 at 7.)  As Plaintiff alleges, however, her state law claims are based on the DORA complaint, which she discovered in October 2019, and which is distinct from the administrative leave decision.  (ECF No. 16 ¶¶ 37–47.)  Plaintiff's attorney e-mailed Defendant's counsel between March 10, 2020 and April 2, 2020, prior to the deadline of April 16, 2020, as discussed above.  (ECF Nos. 24-1 & 24-2.)  The Court therefore assumes the purported notice was timely and proceeds to the question of whether such notice was sufficient.

Plaintiff contends that e-mail correspondence between her attorney and Defendant's counsel was sufficient to provide notice of the pendency of the claim.  (ECF No. 24 at 7.)  Plaintiff attaches these e-mails to her response.  (ECF Nos. 24-1 & 24-2.)

On March 10, 2020, Plaintiff's counsel sent an e-mail to Defendant's counsel stating that Plaintiff incurred over $8,000 in attorney's fees and costs related to the criminal claims and DORA investigation, and that Plaintiff was willing to accept a settlement of $17,000 "for full and final resolution of all claims against the county." (ECF No. 24-2 at 1.)  Plaintiff's counsel did not elaborate on the nature of Plaintiff's civil claims against Defendant, the factual basis for those claims, nor the damages sought. (*Id.*)

On April 2, 2020, Plaintiff's counsel sent another e-mail, stating that Plaintiff had "strong claims for tortious interference, defamation, and breach of contract by bad faith performance."  (*Id.* at 2–3.)  She stated her intent to "take this to court" should the parties fail to reach an agreement in the following weeks.  (*Id.* at 3.)  Plaintiff's counsel did not mention the DORA complaint as the basis for these claims, nor request damages in a particular amount.  (*Id.*)  Defendant's counsel replied the same day and informed Plaintiff's counsel that Defendant was unwilling to accept the settlement offer. (*Id.*)

The e-mails between Plaintiff's and Defendant's counsel contain sparse information as to the underlying basis of Plaintiff's claims.  (*See generally* ECF Nos. 24-1 & 24-2.)  Plaintiff's counsel, while attempting to reach a settlement agreement, did not make clear that the DORA complaint was the basis for Plaintiff's civil claims against Washington County.  (ECF No. 24-2 at 1.)  Rather, she primarily referenced the resolution of the criminal charges and Plaintiff's earlier discharge.  (*Id.*)  The e-mail correspondence is devoid of details as to the nature and circumstances of Plaintiff's

7

injuries, the amount of damages sought, or the names of any particular defendant individuals or entities.  (*See generally* ECF Nos. 24-1 & 24-2.)

Several cases Plaintiff cites which found a letter to suffice for the notice requirement involved letters which contained facts making clear exactly what conduct the plaintiff challenged and the remedy sought.  *See Katz*, 85 F. Supp. 2d at 1031–32 (finding substantial compliance where unrepresented plaintiff wrote to city attorney, named public official defendants, described the circumstances of his discharge from employment and resulting loss of income, and stated that the letter constituted notice under § 20–10–109); *Carothers v. Archuleta Cnty. Sheriff*, 159 P.3d 647, 652 (Colo. App. 2006) (finding substantial compliance where letter contained names and addresses of plaintiffs and attorneys, identified public officials, described incident and injuries suffered, and enumerated losses for which damages were sought); *Bresciani v. Haragan*, 968 P.2d 153, 159–60 (Colo. App. 1998) (finding substantial compliance where notice stated that law enforcement officers had damaged plaintiff and his family's personal property during a search, and that plaintiffs were "considering filing a civil rights action").  It is immaterial whether Defendant was able to speculate as to details of Plaintiff's claims.  *See Jacob v. City of Colorado Springs*, 485 P.2d 889, 891 (Colo. 1971).  Plaintiff's counsel had the opportunity to comply with the notice requirement in the course of sending these e-mail messages, but inexplicably failed to do so.

A finding of substantial compliance in this case would subvert the purpose of the CGIA's notice requirement and open the door for parties to satisfy the requirement with brief correspondence consisting of cursory and vague references to the threat of litigation.  On the record before it, therefore, the Court finds that Plaintiff has not

substantially complied with the CGIA's notice requirement.  *See Cikraji v. Snowberger*, 410 P.3d 573, 577–78 (Colo. App. 2015) (finding series of e-mails "woefully inadequate" to satisfy CGIA notice requirement).  Moreover, as the jurisdictional defect cannot be cured, Plaintiff's state tort law claims must be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion (ECF No. 21) is GRANTED;

2. Plaintiff's claims for tortious interference with contractual relationship and defamation (Claims 2 and 3) are DISMISSED WITH PREJUDICE;

3. The stay of discovery (ECF No. 31) is LIFTED; and

4. No later than **March 11, 2021**, the parties shall contact the chambers of Magistrate Judge S. Kato Crews to schedule a Status Conference, or such other proceeding as Judge Crews decides is appropriate in order to move this litigation forward.

Dated this 9th day of March, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge